UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIO PEREZ BATEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN *et al.*,<br><br>Respondents. | CAUSE NO. 3:26cv1648 DRL-SJF |

ORDER TO SHOW CAUSE

Immigration detainee Julio Perez Baten, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

The court must give the petition liberal construction because Mr. Perez Baten proceeds without the benefit of counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). According to the petition, Mr. Perez Baten is a citizen of Guatemala who entered the United States without inspection in 2019. He says on September 24, 2026, he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents at a restaurant in Indiana. He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings. He asserts that he has not been given an opportunity for release on bond, though he is not a danger to the community or a flight risk. He seeks an order requiring that he be released from custody or granted a prompt custody redetermination hearing. It is unclear if he moved for a custody redetermination by an immigration judge before filing his petition.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but this jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Mr. Perez Baten alleges that his detention without an opportunity for bond is unlawful. The court has jurisdiction to consider his detention.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined, and in many other courts across the country. Our circuit recently joined a majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning. *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *see also De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *cf. Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026) (reading as a 2-1 decision in the result only and at times as a 1-1-1 decision in the rationale).

To the extent the respondents would raise the same arguments about subject matter jurisdiction or the applicability of § 1225(b)(2) already resolved in *Cirrus Rojas, Mejia Diaz*, *Aguilar*, and *Singh*, there is no need to rehash these same arguments. The parties may preserve these points, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's previous orders or the circuit's prior holding, unless there is cause to address something

new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

He asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, however, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions filed under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir. 1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Nevertheless, a short deadline is warranted given the pressing nature of today's claims.

Finally, he includes respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). Therefore, the court will dismiss the noncustodial respondents as improper under *Kholyavskiy*. Though recent experience in immigration habeas cases informs that federal counsel will represent the Warden and ensure compliance with orders, the dismissal will be without prejudice to allow for reinstatement should it become necessary to effectuate any relief ordered by the court.

Mr. Perez Baten separately moves for emergency injunctive relief, including an expedited ruling on his petition and an order granting him immediate release. (ECF 2.) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the petitioner's] allegations as true" or "give him the benefit of all reasonable inferences in his favor[.]" *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete . . . litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that

---

[1] If he is asking for a temporary restraining order, he must satisfy an even more demanding standard. He must provide "specific facts in an affidavit or verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). For the reasons discussed, he has not met that standard.

may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The third and fourth factors, harm to the opposing party and the public interest, merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The court must consider the government's interest in enforcement of the immigration laws, as well as the fact that an injunction acts as "an intrusion into the ordinary processes of administration and judicial review." *Id.* at 427, 435.

Balancing those interests, Mr. Perez Baten has not demonstrated an entitlement to emergency injunctive relief. As far as the record reveals, he is not subject to a final order of removal, so he is not in danger of being taken outside the United States. A transfer, therefore, would not deprive this court of jurisdiction. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021). If he is asking to be released before his petition can be fully considered, at this stage the court only has his version of events. Releasing him before the government has an opportunity to respond to his arguments would constitute a significant intrusion into the administrative process. He has not demonstrated that he will be irreparably harmed if he is detained during the time needed to resolve his petition in a fair manner. Additionally, it would be inappropriate for the court to expedite this case above others filed by petitioners who are in circumstances materially similar to his, although the court intends to resolve the petition as expeditiously as possible given the nature of today's claims. His motion is denied.

For these reasons, the court:

(1) DENIES the petitioner's emergency motion [2];

(2) DISMISSES WITHOUT PREJUDICE Attorney General of the United States; Secretary of the United States Department of Homeland Security; Director of United States Immigration and Customs Enforcement; and Field Office Director of United States Immigration and Customs Enforcement Chicago Field Office as respondents;

(3) DIRECTS the clerk to serve a copy of this order and the petition [1] on the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(4) DIRECTS the clerk to email a copy of this order and the petition [1] to the Indiana Department of Correction; the Warden of Miami Correctional Facility at Miami Correctional Facility, and the United States Attorney for the Northern District of Indiana;

(5) ORDERS the IDOC, the Warden, and the United States Attorney to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(6) ORDERS the respondent to file an answer to the petition by **November 25, 2026**, addressing petitioner's arguments that he is being illegally detained and providing relevant immigration records, including any administrative warrant issued for his arrest pursuant to 8 U.S.C. § 1226(a); and

(7) GRANTS the petitioner until **December 9, 2026**, to file a reply in support of his petition.

SO ORDERED.

November 18, 2026

*s/ Damon R. Leichty*
Judge, United States District Court